Mr. Apfel. Good morning, Your Honors. David Apfel on behalf of Anthony Vaughn with me is Jeffrey Kirsch from my office. It may help you to say that we're going to assume that the District Court determined that it did not have authority to give the relief that you're seeking. And that was the basis of the District Court's ruling. Correct. So let's just put that issue to the side. So we can put the discretion issue to the side. Right. Thank you, Your Honor. We're here on an appeal of a denial of a motion to reduce sentence under 3582C2 and amendment 782 to the sentencing guidelines. Mr. Vaughn, Your Honor, should understand, was arrested on October 5th of 2001. He is currently scheduled to be released from prison on September 12th of 2023. Since October 5th of 2001, he has been serving a sentence. One component was imposed by Judge Lasker in 2002. The second component was imposed by Judge Gorton in 2013. The first component was 168 months. The second component, as Your Honors know, is 120 months. But the aggregate sentence, the continuous stream And the 120 months came from the fact that while he was in federal prison, he managed to, a conspiracy to distribute drugs from the prison. So the second component comes from a different crime committed some years after the first component crime. That's correct. But the sentence was very specifically issued as a consecutive sentence to run immediately on and after the first sentence. You want us to treat the two sentences as effectively one aggregate sentence? I understand you want to treat the two sentences as one aggregate sentence, although I would concede that Mr. Vaughn is only eligible for a reduction of sentence on the first component of the two components of the continuous sentence. Right. And so your authority, as I understand it, for having us treat the two as one aggregate sentence is you've got an analogy to some of law, but you're also pointing us towards 3584C. Right. And that I'd like to ask you about that. That says that two sentences of just the type that you have here shall be treated for administrative purposes as a single aggregate sentence. Correct. So what I need help on understanding your argument is this, is what the court is now being asked to do under 3582C.2, you know, with the sentence modification that you seek, is that an activity that's being undertaken for administrative purposes so that you can then, that we can then treat it like an aggregate sentence? I believe you could, I believe it can be read that way. How should we interpret the phrase administrative purposes as used in 3584C? I think it could be construed in two ways, and I'd not, the first way is the most obvious way, that for administrative purposes means that the Bureau of Prisons, for administrative purposes within the system, will treat the two sentences as one. And the government wants us to put a period there and stop. They want us to read it as if it says shall be treated by the B.O., by the Bureau of Prisons. Right, but I... Now why go further? Why should we go further? I think you should, I think you should go further because it's, I don't think 3584 controls necessarily, but I think it gives, I think it gives some guidance as to how these sentences are treated. And I would go... Oh, that, that we're talking about an administrative purpose when we're talking about how to, how to apply a amendments to the guidelines with respect to administering, how that term of imprisonment should be, should be interpreted, how the amendment, in this case 782, should be applied. But isn't that, isn't that really far-fetched? Because throughout the U.S. Code, Congress, in terms of matters related to judicial proceedings, has used the term for administrative purposes, or the adjective administrative, to distinguish between actions taken on the one hand by a judicial officer and actions taken on another hand by an administrative officer. And, and I don't, I don't see any basis for interpreting that, that in any other way. Do you really want us to read it for all purposes? I want, I want you to read it for... What, what comes to mind is at the time of Mr. Vaughan's second sentencing, the sentencing that occurred before Judge Gordon, there was a, there was a discussion with the court about when the second sentence would commence. And the probation officer, you know, in, in, which is part of the record, says that we don't really have to discuss, you know, we, it doesn't really matter what the precise date is. We don't have to figure that out here. Because as soon as he goes back to the Bureau of Prisons, the Bureau of Prisons is simply going to aggregate those sentences. And this sentence is going to be treated as part of the entirety of the sentence. Now, obviously, that's for internal administrative purposes for the Bureau of Prisons. But I would suggest to the court that it, it's also part of, it's, it's an expression of how this sentence is, is conceived of, not just by the Bureau of Prisons, but by the court. That a consecutive sentence in this, in this sense, it's not just, it's not a different sentence. It's an add-on to the stream, if you will, under the language of, of Garlot versus Fordyce, that Mr. Vaughan is already, is already serving. And what I think is important with respect to the application of 782 in this circumstance, the government says that it applies to, it only applies to sentences that are still in effect as of November 1 of 2015. But that's simply not what 782 says. 782 specifically talks of, that it applies to a term of imprisonment. And I would refer Your Honors to the amendment as it, as it expresses itself within the guidelines in section 1B1.10 in subsection E, the court shall not order a reduced term of imprisonment. That still gets you back to, is this one term of imprisonment or two terms of imprisonment? So you're back to the aggregation issue? I am back to the aggregation issue. My argument fails unless there is, unless the court acknowledges that Mr., that Mr. Vaughan is still serving a term of imprisonment, which he undoubtedly is. Can you think of any other, any context in which courts, referring to what courts do with sentences, anything they do with sentence, as, as, as administering sentences or administering the guidelines or, in other words, is that a verb that we can associate with the conduct of a court so that we can grab hold of that statute to give you what you want? Or is it, as I think Judge Shelley is suggesting, administrative refers to what administrative agencies do whereas the courts don't do that? It's the, the use of administrative in 3584 is most naturally read as restricted to the BOP. I, I believe the only, the only authority that I can, I can point to in this context that suggests a broader application would be the Clark case in the Seventh Circuit, which is decided after the Parker case, which is one of the two cases that the government relies on, and that points to 3584C as, as a basis for giving the defendant in that case relief on what would otherwise have been a terminated sentence. Mr. Affle, I understand you were appointed by the court and briefed this issue to the district court. We appreciate the briefing you've given us. Thank you.  Ms. Rennie. May it please the court, Jennifer Zaks, the United States. It's, it's clear that in this sentence, this case, the defendant is serving two separate sentences. They're imposed for separate crimes, separate, by separate judges, almost ten years apart. And that he's not eligible for reduction on either one of them. He's not eligible for reduction on his, his first sentence, the cocaine conviction, because that sentence, as everyone can see, ended before the time that Amendment 782 took effect, that is November 1st of this year. And a defendant's sentence cannot be reduced according to the binding guidance of the Sentencing Commission to less than time served. He's not eligible in the second sentence, as the defendant himself concedes. In fact, he's never filed even a motion for reduction of that sentence. He's conceded that. So why don't we view them as one sentence? And then we can give the belief that the Sentencing Commission, in hindsight, believes his sentence was too long. And now, simply because he happens to still be in jail continuously, the currency of a remedy is available. Well, I think the, I think that, that first of all, it's not, it's not a single sentence. Second of all, it's not what the Sentencing Commission, in its binding guidance, wanted. Because the defendants whose sentences ended prior to that date, as the defendant's first sentence did. No, but now you're begging the question. In other words, everybody agrees with you, including his counsel, that if there are two sentences and two terms of imprisonment, you win. Okay? So you don't need to give us more reasons for why you win. What, I think what's important is, are there two or one? When these were two sentences that were precisely butt-ended by the court, so that they ran continuously, and we know at least the prisons treat them as a continuous sentence, why shouldn't we, so that we can then make available what would have been available, had the Sentencing Commission got around to realizing that the sentences were too stiff a few years earlier? But it didn't. Well, that's true, Your Honor. First of all, they didn't. Second of all, as I think the earlier discussion pointed out, the Bureau of Prisons is required for administrative purposes to aggregate, and the courts are not. This type of proceeding, where the court is interpreting the statute, and determining whether, of course, the defendant is first eligible, I realize the question of the discretionary reduction is not at issue at this moment. But that's part of the determination. It's not an administrative determination. It's a strictly judicial determination. So let me go back. Is your argument, then, that the courts simply don't have the power to do this period, whether or not it would be a good idea? Well, I think the court does not have the power, because the Sentencing Commission has made it clear that it doesn't fit within the boundaries of the guidelines. But also, it does not serve any of the policies that the Sentencing Commission wishes to promote. In fact, it would give the defendant, in essence, a bonus available to no other defendant who has completed his sentence prior to the date, merely because he committed an additional crime while in prison, attempting to smuggle heroin into a federal prison. Well, let me ask, couldn't you say that same thing, that a person who simultaneously commits two offenses and gets two sentences simultaneously that are to run consecutively, that person clearly is available, this relief is clearly available to that person, and yet you could just as easily say in that instance, they're getting a bonus because they committed a second offense that they wouldn't have because they committed a first? Well, no. In that case, and I say, although the government is not challenging it, there is at least one court that has held that even in that circumstance, it's not available to receive a 3582. But in that case, you've got an entirely different situation where you have simultaneously imposed sentences. Many times, it's unclear which one is running first. So in other words, it's unclear which one has been completed, so which one the defendant here, there's no question of which sentence ran first. Indeed, the first sentence had almost entirely run. I think there's only a little more than a year left on it by the time the second sentence was imposed. None of the same considerations where you have a single judge. Often, the cases involve a drug offense and a firearms offense, which are closely related crimes tied into a common nexus. There are many reasons for factual and legal reasons why the court might read those as a single continuous sentence. We've referred, I think, to the judge's role in that type of situation as fashioning a sentencing package. So the judge in imposing both halves of the base sentence and the consecutive sentence takes into account that she will be sentencing on both. So that the fact that she's sentencing that same day on the firearms charge may influence, modulate even, her sentence on the drug charge. That's not true in this case where the sentences are imposed many years apart for completely different offenses by completely different judges. That's exactly right, Your Honor. You don't have that sort of aggregation by a sentencing judge. So as a factual and legal matter, that's another factor to take into account. Similarly, the habeas cases, the government's position, are totally irrelevant here. There's an in-custody requirement in the habeas cases that's liberally construed. There's no reason to import that kind of construction into 3582. And that's especially true here where if you consider the sentences separately, it's clear that on neither one is the defendant eligible for a reduction. Unless the court has further questions, the government would